(Reap. Dec. 8282)

J. EINSTEIN, INC. *v.* UNITED STATES

Entry No. 771999.

(Decided January 28, 1954)

*Sharretts, Paley & Carter* (*Howard Clare Carter* of counsel) for the plaintiff.
*Warren E. Burger*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: This appeal for appraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED by and between counsel for the respective parties hereto, subject to approval of the court;

(1) That the merchandise marked "A" on the invoices, and initialed TJM (Examiner's Initials) by Customs Examiner T. J. McCarthy (Examiner's Name), involved in the above-named appeal to reappraisement, consists of kid leather exported from France, and appraised at values which included the so-called production or unique tax (also known as the French Fiscal Reform Law tax) in the amounts as shown by the invoices and accompanying certificate of pending reappraisement.

(2) That said merchandise marked "A" is such or similar to merchandise which, when sold or offered for sale in France for exportation to the United States in the ordinary course of trade to all purchasers, and in the usual wholesale quantities, was sold or offered at the appraised values herein, less the French Fiscal Reform Tax (Production or Unique Tax) as added on entry, packed.

(3) That merchandise such as or similar to the imported merchandise marked "A", when sold or offered for sale at the time of exportation, in France for home consumption, or for exportation to countries other than the United States, in the ordinary course of trade to all purchasers and in the usual wholesale quantities, was sold or offered for sale at the appraised values herein, less the French Fiscal Reform Tax (Production or Unique Tax) as referred to above in paragraph 1 and as added by the importer on entry, plus 1.01 percent Armament tax when not included in the appraised value, packed, and that the export value was no higher.

(4) That all other claims of the plaintiff, as raised by this appeal, are hereby abandoned, and that upon this stipulation this case is submitted.

On the agreed facts I find the foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930, as amended by section 8 of the Customs Administrative Act of 1938, to be the proper basis for the determination of the value of the kid leather represented on the invoice by the items marked "A" and initialed TJM by examiner T. J. McCarthy, and that such values were the appraised values, less the French fiscal reform tax (production or unique tax) as added by the importer on entry, plus 1.01 per centum armament tax when not included in the appraised value, packed.

Judgment will be rendered accordingly.